IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID AND AYA CARDELLINI, | § | |
| INDIVIDUALLY AND a/n/f | § | |
| T.C., A MINOR STUDENT, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  H-09-1714 |
| | § | |
| KLEIN INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

COMES NOW Defendant Klein Independent School District (hereinafter "KISD" or "the District") and files this Answer and Affirmative Defenses to Plaintiff's First Amended Original Complaint, as follows:

## I.  Jurisdiction and Venue

1.     Defendant admits that Plaintiffs filed a request for an administrative due process hearing, styled *T.C. b/n/f D.C. and A.C. v. Klein Indep. Sch. Dist.*, Dkt. No. 119-SE-0109, as alleged in the first paragraph of Plaintiffs' Amended Complaint.  Defendant further admits the case was dismissed as alleged in the same paragraph of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations in the same paragraph of Plaintiffs' Amended Complaint.

2.     Defendant denies the allegations of jurisdiction as set forth in paragraph 2 of Plaintiffs' Amended Complaint.

3.      Defendant denies the allegations of jurisdiction as set forth in paragraph 3 of Plaintiffs' Amended Complaint.

4.      Defendant admits that venue is proper in the United States District Court for the Southern District of Texas as alleged in paragraph 4 of Plaintiffs' Amended Complaint.

## II.      ADMINISTRATIVE EXHAUSTION

5.      Defendant denies that Plaintiffs exhausted their administrative remedies on their IDEA claims as alleged in paragraph 5 of Plaintiffs' Amended Complaint as they failed to timely seek an administrative due process hearing under the IDEA to challenge KISD's provision of a free appropriate public education to the student.

## III.      THE PARTIES

6.      Defendant admits Plaintiff T.C. is a minor child as alleged in the first sentence of paragraph 6 of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to whether T.C.'s parents still reside within the Klein ISD or whether the student is currently eligible to receive special education services from Klein ISD as alleged in the same paragraph of Plaintiffs' Amended Complaint.

7.      Defendant admits the allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint.

## IV.      NATURE OF THE ACTION AND RELIEF SOUGHT

8.      Defendant admits that Plaintiffs purport to assert both procedural and substantive violations of the IDEA as alleged in paragraph 8 of Plaintiffs' Amended

Complaint.  The remaining statements in the same paragraph do not require admission or denial.

9.      Defendant admits that T.C. is a child with a disability as alleged in the first sentence of paragraph 9 of Plaintiffs' Amended Complaint.  Defendant denies that T.C.'s parents had a basis to "reasonably believe" that the educational services provided by Defendant did not satisfy the IDEA as alleged in the second sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant denies that the services provided to T.C. were "remiss" and denies the remaining allegations in the third sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant admits that T.C. was removed from KISD and placed in a private school as alleged in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the exact date or basis for T.C.'s parents' decision to remove T.C. from KISD as alleged in the last sentence of paragraph 9 of Plaintiffs' Amended Complaint.

10.     Defendant denies that T.C.'s parents informed the school counselor of their intent to remove T.C. from school as alleged in the first sentence of paragraph 10 of Plaintiffs' Amended Complaint.  Defendant admits that KISD was notified on January 10, 2008 by T.C.'s parents that they intended to withdraw her from KISD and place her in a private facility as alleged in the same sentence.  Defendant denies the remaining allegations in the same sentence of paragraph 10 of Plaintiffs' Amended Complaint.

11.     Defendant admits that the withdrawal paperwork was completed on January 14, 2008, as alleged in paragraph 11 of Plaintiffs' Amended Complaint.

12.     Defendant denies that Plaintiffs filed a complaint with the TEA or the school district on January 7, 2009, as alleged in the first sentence of paragraph 12 of Plaintiffs' Amended Complaint.  Defendant admits that Plaintiffs filed a complaint with the TEA on January 14, 2009, alleging violations of the IDEA and requesting the school to fund the student's placement as alleged in the same sentence of Plaintiffs' Amended Complaint.  Defendant admits that TEA received the complaint on January 14, 2009, as alleged in sentence 2 of Plaintiffs' Amended Complaint.  Defendant denies that it is unknown when the TEA actually received the complaint as alleged in sentence 3 of Plaintiffs' Amended Complaint.  Defendant denies that it is unknown when the school district received the complaint as alleged in the last sentence of Plaintiffs' Amended Complaint.  Defendant admits that the Plaintiffs' Request for a Due Process Hearing was not sent *via* facsimile to the TEA as alleged in footnote 1 to paragraph 12 of Plaintiffs' Amended Complaint.  Defendant denies the remaining factual allegations in the same footnote of the same paragraph of Plaintiffs' Amended Complaint.

13.     Defendant admits the allegations in the first two sentences of paragraph 13 of Plaintiffs' Amended Complaint.  Defendant admits that because the request for administrative hearing was filed on January 14, 2009, it argued that all claims were barred by the applicable limitations period as alleged in the third sentence of Plaintiffs' Amended Complaint.  Defendant denies that Plaintiffs have accurately quoted the applicable rule as set forth in the fourth sentence of Plaintiffs' Amended Complaint.

4

Defendant admits that it moved for dismissal, in part, on the basis of the Texas one-year limitations period as alleged in the fifth sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant admits that all claims arising prior to January 14, 2009, were dismissed by the hearing officer as untimely as alleged in the last sentence of paragraph 9 of Plaintiffs' Amended Complaint.

14.     Defendant admits that Plaintiffs are attempting to appeal the hearing officer's Order of Dismissal as alleged in the first sentence of paragraph 14 of Plaintiffs' Amended Complaint.   Defendant denies that the hearing officer's decision was inequitable or that it should be reversed for any reason as alleged in the same paragraph of Plaintiffs' Amended Complaint.

15.     Defendant denies the allegations as set forth in paragraph 15 of Plaintiffs' Amended Complaint.

16.     Defendant denies that the Texas regulations conflict with federal law as alleged in paragraph 16 of Plaintiffs' Amended Complaint.   Also, contrary to the allegations set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint, Defendant denies that any discovery is appropriate or permissible in this case or that any additional evidence is admissible under the applicable rules.

17.     Defendant denies that the Texas regulations conflict with federal law as alleged in paragraph 17 of Plaintiffs' Amended Complaint.  Defendant admits that the certificate of service on Plaintiffs' Request for Due Process Hearing indicated it was mailed on January 7, 2009 as alleged in the fourth sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant also admits that the Plaintiffs' Request for

Due Process Hearing was received by TEA on January 14, 2009, as alleged in the same paragraph of Plaintiffs' Amended Complaint.  Defendant denies that a factual issue exists as to when the TEA received the Request for Due Process Hearing as alleged in the fifth sentence of the same paragraph of Plaintiffs' Amended Complaint. Contrary to the allegations set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint, Defendant denies that any discovery is appropriate or permissible in this case or that any additional evidence is admissible under the applicable rules.

18.    Defendant denies that the hearing officer's decision should be reversed on the basis of any of the allegations set forth in paragraph 18 of Plaintiffs' Amended Complaint.  Defendant denies the remaining factual allegations set forth in the same paragraph of Plaintiffs' Amended Complaint.

19.    Defendant denies the factual allegations set forth in paragraph 19 of Plaintiffs' Amended Complaint.

20.    Defendant admits that Plaintiffs disagree with the hearing officer's decision as alleged in the first sentence of paragraph 20 of Plaintiffs' Amended Complaint. Defendant denies that the hearing officer's decision should be reversed for any reason or that any additional evidence is appropriate or admissible under the applicable rules as alleged in the same paragraph of Plaintiffs' Amended Complaint.

21.     Defendant denies the factual allegations as set forth in paragraph 21 of Plaintiffs' Amended Complaint.

## IV.   FACTUAL AND PROCEDURAL RESUME

22.    Defendant is without knowledge or information sufficient to form a belief as to whether T.C. enrolled in public school in 1997, or her eligibility for special education at that time as alleged in paragraph 22 of Plaintiffs' Amended Complaint.

23.    Defendant is without knowledge or information sufficient to form a belief as to whether T.C. struggled in school since her preschool years as alleged in the first sentence of paragraph 23 of Plaintiffs' Amended Complaint.  Defendant denies that T.C. had an IEP from kindergarten through 6th grade as alleged in the next sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in the same paragraph of Plaintiffs' Amended Complaint.

24.    Defendant admits that records from T.C.'s former school district support the allegations as set forth in paragraph 24 of Plaintiffs' Amended Complaint.

25.    Defendant admits that T.C. enrolled in and attended Doerre Middle School as alleged in paragraph 25 of Plaintiffs' Amended Complaint.

26.    Defendant admits the allegations in the first sentence in paragraph 26 of Plaintiffs' Amended Complaint.   Defendant is without knowledge or information sufficient to form a belief as to whether T.C.'s parents related the issues set forth in the third sentence of paragraph 26 of Plaintiffs' Amended Complaint to the ARD Committee on August 30, 2004.  Defendant admits that previous testing showed a relative weakness in T.C.'s short term memory skills as alleged in the same paragraph.   Defendant is

without knowledge or information sufficient to form a belief as to the remaining allegations in the same paragraph of Plaintiffs' Amended Complaint.

27.     Defendant admits that the ARD Committee determined T.C. was eligible for special education services and recommended many services including part-time instruction in a self-contained classroom as alleged in paragraph 27 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations in the same paragraph of Plaintiffs' Amended Complaint.

28.     Defendant admits that one of T.C.'s parents attended some, but not all, of the ARD meetings for T.C. as alleged in the first sentence of paragraph 28 of Plaintiffs' Amended Complaint.  Defendant denies the remaining allegations set forth in the same paragraph of Plaintiff's Amended Complaint.

29.     Defendant admits the allegations as set forth in paragraph 29 of Plaintiffs' Amended Complaint.

30.     Defendant admits the allegations as set forth in the first sentence of paragraph 30 of Plaintiffs' Amended Complaint.  Defendant admits that T.C.'s mother reported inappropriate behaviors at home as alleged in the same paragraph of Plaintiffs' Amended Complaint.  Defendant admits the allegations as set forth in the last sentence of paragraph 30 of Plaintiffs' Amended Complaint.

31.     Defendant admits that an ARD meeting was convened on November 22, 2005, but denies the remaining allegations set forth in the first sentence of paragraph 31 of Plaintiffs' Amended Complaint.  Defendant admits that the parent reported to the ARD Committee that T.C. does not want to go to school as alleged in sentence 2 of the same

8

paragraph of Plaintiffs' Amended Complaint. Defendant denies that the parent reported "severe emotional outbursts" by T.C. at home related to homework as alleged in the same paragraph of Plaintiffs' Amended Complaint. Defendant admits that the parent reported T.C. was taken to her physician and her medications adjusted, but Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in the third sentence of paragraph 31 of Plaintiffs' Amended Complaint. Defendant denies the allegations set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.

32.     Defendant denies that T.C.'s doctor recommended a program to reduce her "school related anxiety" as alleged in the first sentence of paragraph 32 of Plaintiffs' Amended Complaint.  Defendant admits the factual allegations as set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.

33.     Defendant admits that an ARD Committee meeting was convened on February 28, 2006, but denies the remaining allegations set forth in the first sentence of paragraph 33 of Plaintiffs' Amended Complaint. Defendant admits that T.C.'s parent reported that T.C.'s psychiatrist recommended she be moved back to the AB classroom for two of her classes as alleged in sentence 2 of the same paragraph of Plaintiffs' Amended Complaint. Defendant denies that the parent reported to the ARD Committee on February 28, 2006, that T.C. was experiencing "increased depressive symptoms" as alleged in the third sentence of paragraph 33 of Plaintiffs' Amended Complaint. Defendant admits that it agreed with the parents' request for a change in placement as set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.

34.     Defendant admits that T.C. successfully completed her 9th grade year in mostly regular education classes, but denies the remaining allegations as set forth in paragraph 34 of Plaintiffs' Amended Complaint.

35.     Defendant denies that KISD did not complete a thorough educational assessment as alleged in the first sentence of paragraph 35 of Plaintiffs' Amended Complaint. Defendant admits it had access to an evaluations completed by T.C.'s previous school district as alleged in the same sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant admits that the prior evaluations noted that T.C. had a relative weakness in short-term memory and a history of psychiatric treatment, but denies the remaining factual allegations set forth in the paragraph 35 of Plaintiffs' Amended Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of Plaintiffs' Amended Complaint.

37.     Defendant admits that T.C. did not always complete her school work, but denies the remaining factual allegations in the first 3 sentences of paragraph 37 of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to T.C.'s behavior at home as set forth in the last sentence of paragraph 37 of Plaintiffs' Amended Complaint.

38.     Defendant admits the allegations as set forth in the first sentence of paragraph 38 of Plaintiffs' Amended Complaint.   Defendant denies that T.C.'s psychologist attended the ARD Committee meeting on November 27, 2007, as alleged in the same paragraph of Plaintiffs' Amended Complaint.  Defendant further denies that no

persons qualified to make decisions regarding T.C.'s educational program were in attendance at the ARD meeting as alleged in the third sentence of the same paragraph of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in the fourth sentence of paragraph 38 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations set forth in the same paragraph of Plaintiffs' Amended Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of Plaintiffs' Amended Complaint.

40.     Defendant admits that the ARD Committee recommended that T.C. receive all her instruction in the general education classroom with the exception of an elective special education course as alleged in paragraph 40 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations set forth in paragraph 40 of Plaintiffs' Amended Complaint.

41.     Defendant denies the allegations in paragraph 41 of Plaintiffs' Amended Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of paragraph 42 of Plaintiffs' Amended Complaint.  Defendant denies that T.C.'s parents expressed any concerns to which the school did not respond as alleged in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.

43.     Defendant admits that T.C.'s parents informed the District of their decision to transfer T.C. to a private school on January 10, 2008, but is without knowledge or

information sufficient to form a belief as to the basis of the parents' decision as alleged in paragraph 43 of Plaintiffs' Amended Complaint.

44.    Defendant admits that it did not try to dissuade T.C.'s parents from removing her from KISD as alleged in sentence 4 of paragraph 44 of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the parents' subjective beliefs regarding KISD's response to the parents' decision to remove T.C. from KISD as alleged in the last sentence of paragraph 44 of Plaintiffs' Amended Complaint. Defendant admits that Ms. LaConia Banes received an e-mail communication regarding T.C.'s parents' decision to withdraw T.C. from the District as alleged in the first sentence of paragraph 44 of Plaintiffs' Amended Complaint. Defendant denies that such notice occurred on January 11, 2008, and denies the remaining factual allegations in the same paragraph of Plaintiffs' Amended Complaint.

45.    Defendant admits that T.C. was enrolled in the Tenney School by her parents on January 14, 2008, as alleged in paragraph 45 of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to whether T.C. had her own individual teacher in her academic courses as alleged in the same paragraph of Plaintiffs' Amended Complaint.  Defendant admits that T.C. was unsuccessful at the Tenney School as alleged in the second sentence of the same paragraph of Plaintiffs' Amended Complaint.

46.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 46 of Plaintiffs' Amended Complaint.

47.     Defendant denies the allegations set forth in paragraph 47 of Plaintiffs' Amended Complaint.

48.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 48 of Plaintiffs' Amended Complaint.

49.     Defendant admits that T.C. was placed at the Youth Care facility in Draper, Utah on May 31, 2008, and remained there until her transfer to another facility as alleged in paragraph 49 of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 49 of Plaintiffs' Amended Complaint.

50.     Defendant is without knowledge or information sufficient to form a belief as to when or what the family signed with Ms. Bonnington as alleged in paragraph 50 of Plaintiffs' Amended Complaint.  Defendant admits that it received a request for education records from Ms. Jillian Bonnington as alleged in the second sentence of paragraph 50 of Plaintiffs' Amended Complaint.  Defendant denies that the letter was "another notice" of the parents' decision to unilaterally place T.C. at a private facility at public expense as alleged in the same paragraph of Plaintiffs' Amended Complaint. Defendant denies the allegations set forth in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.

51.     Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 51 of Plaintiffs' Amended Complaint.

52.     Defendant admits that the certificate of service attached to Plaintiffs' Request for Due Process Hearing stated that it was placed in the mail on January 7, 2009,

as alleged in paragraph 52 of Plaintiffs' Amended Complaint.  Defendant admits the allegations in the second sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant denies the allegation in the last sentence of the same paragraph of Plaintiffs' Amended Complaint.  Defendant also denies the allegation in footnote 2 of the same paragraph of Plaintiffs' Amended Complaint.

53.     Defendant admits that TEA received the complaint and assigned Ms. Brenda Rudd as the hearing officer on January 14, 2009, but denies that the TEA mailed out a scheduling order to the parties as alleged in paragraph 53 of Plaintiffs' Amended Complaint.

54.     Defendant admits that it raised the issue of limitations in the prehearing conference, but denies that it raised the issue regarding the date the TEA received the Request for Hearing as alleged in paragraph 54 of Plaintiffs' Amended Complaint. Defendant admits that Ms. Bonnington represented at the prehearing conference that the Request for Due Process Hearing was sent by facsimile to the TEA as alleged in paragraph 54 of Plaintiffs' Amended Complaint.  Defendant further admits that the advocate was unable to provide any evidence to support the statement as alleged in the same paragraph of Plaintiffs' Amended Complaint.

55.     Defendant admits that the parties were unable to reach an agreement at a resolution session held between the District and the parents on January 23, 2009, as alleged in paragraph 55 of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph 55 of Plaintiffs' Amended Complaint.

56.     Although Defendant admits that Mr. Robert Hawekotee, a California attorney, was seeking admission *pro hac vice* with the Texas Bar related to the administrative proceeding, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 56 of Plaintiffs' Amended Complaint.

57.     Defendant admits the allegations as set forth in paragraph 57 of Plaintiffs' Amended Complaint.

58.     Defendant admits that Plaintiffs' Response to KISD's dispositive motion was due and filed on March 5, 2009, as alleged in paragraph 58 of Plaintiffs' Amended Complaint.  Defendant further admits that the Response contained no allegation that the request for hearing was sent by facsimile to the TEA as alleged in the same paragraph of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 58 of Plaintiffs' Amended Complaint.

59.     Defendant admits the allegations as set forth in paragraph 59 of Plaintiffs' Amended Complaint.

60.     Defendant admits the allegations as set forth in paragraph 60 of Plaintiffs' Amended Complaint.

61.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 61 of Plaintiffs' Amended Complaint.

## V.      THE HEARING OFFICER ERRED AS A MATTER OF LAW

62.      Defendant incorporates its answers by reference, as if fully set forth herein, to the allegations set forth in paragraph 62 of Plaintiffs' Amended Complaint.

63.      Defendant denies the allegations as set forth in paragraph 63 of Plaintiffs' Amended Complaint.

64.      Defendant denies the allegations as set forth in paragraph 64 of Plaintiffs' Amended Complaint.

65.      Defendant denies the allegations as set forth in paragraph 65 of Plaintiffs' Amended Complaint.

## VI.     CAUSES OF ACTION AND DEFENSES

66.      Defendant incorporates its answers by reference, as if fully set forth herein, to the allegations set forth in paragraph 66 of Plaintiffs' Amended Complaint.

A.      VIOLATIONS OF THE INDIVDIUALS WITH DISABILITIES EDUCATION ACT

67.      Defendant denies that it has violated T.C.'s right to a FAPE as alleged in the last sentence of paragraph 67 of Plaintiffs' Amended Complaint.  The remaining statements in the same paragraph of Plaintiffs' Amended Complaint do not require admission or denial.

68.      Defendant denies the allegations as set forth in paragraph 68 of Plaintiffs' Amended Complaint.

B.      VIOLATIONS OF SECTION 504 OF THE REHABILTIATION ACT OF 1973

69.      Defendant admits that, as a student with a disability eligible for special education, T.C. is entitled to the protections of Section 504 as alleged in paragraph 69 of

Plaintiffs' Amended Complaint.  Defendant also admits that it is a recipient of federal funds and thus subject to the provisions of Section 504 as alleged in the second sentence of the same paragraph of Plaintiffs' Amended Complaint.   Defendant denies the remaining factual allegations as set forth in paragraph 69 of Plaintiffs' Amended Complaint.

C.      THE EXCUSABLE NEGLECT OF T.C.'s LEGAL REPRESENTATIVES

        70.     Defendant denies that the actions of T.C.'s representatives (as described in this paragraph of her Complaint) can be characterized as "excusable neglect" as alleged in the last sentence of paragraph 70 of Plaintiffs' Amended Complaint.  Defendant admits that T.C.'s representatives did not timely file the Request for Due Process Hearing as alleged in the same paragraph of Plaintiffs' Amended Complaint. Defendants further admit that Plaintiffs did not seek from KISD the discovery alleged in sentence 2 of paragraph 70 of Plaintiffs' Amended Complaint. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiffs sought discovery from TEA or whether they were effectively represented in the administrative proceeding as alleged in paragraph 70 of Plaintiffs' Amended Complaint. Defendant denies the remaining allegations as set forth in paragraph 70 of Plaintiffs' Amended Complaint.

D.      THE INEFFECTIVE ASSISTANCE OF REPRESENTATION

        71.     Defendant admits that T.C.'s request for due process hearing was not timely filed as alleged in paragraph 71 of Plaintiffs' Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiffs were

otherwise effectively represented in the administrative proceeding as alleged in the same paragraph of Plaintiffs' Amended Complaint.

E.      THE ONE-YEAR LIMITATIONS PERIOD WAS TOLLED IN THIS CAUSE

72.      Defendant denies that there is any legal basis to toll the limitations period as alleged in paragraph 72 of Plaintiffs' Amended Complaint.

F.      THE TEXAS LIMITATIONS RULE CONLIFCTS WITH FEDERAL LAW

73.      Defendant denies that there is any "conflict" or other error in the state and federal law as alleged in paragraph 73 of Plaintiffs' Amended Complaint.

74.      Defendant denies that there is any "conflict" or other error in the state and federal law as alleged in paragraph 74 of Plaintiffs' Amended Complaint.

75.      Defendant denies that there is any equal protection violation in the state and federal law as alleged in paragraph 75 of Plaintiffs' Amended Complaint.

## X.      PRAYER

This unnumbered paragraph and its related subparagraphs of Plaintiffs' Amended Complaint does not set forth allegations requiring admission or denial, but to the extent same is required, the allegations are denied.

### AFFIRMATIVE DEFENSES

For further answer, and without waiving the foregoing, Defendant asserts the following affirmative defenses to the claims in Plaintiffs' Complaint:

1.      Some or all of Plaintiffs' claims are barred by limitations.

2.      Plaintiffs have failed to state a claim upon which relief may be granted.

3.      Some or all of Plaintiffs' claims are barred because Plaintiffs have failed to exhaust their administrative remedies.

## **PRAYER**

For these reasons, Defendant asks the court to enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' claims with prejudice, and award Defendant attorney's fees and costs and all further relief to which they may be justly entitled.

Respectfully submitted,

FELDMAN, ROGERS, MORRIS & GROVER, L.L.P.

_____

JEFFREY L. ROGERS
State Bar No. 17174500
Fed. I.D. No. 4522
AMY C. TUCKER
State Bar No. 24042068
Fed. I.D. No. 36798
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Martin J. Cirkiel
Cirkiel & Associates, P.C.
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
*(Via Email:* marty@cirkielaw.com)

_____
Counsel for Defendant